# IN THE COURT OF APPEALS OF IOWA

No. 19-0654
Filed July 22, 2020

**ARTHUR J. RUTLEDGE,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Pottawattamie County, Jeffrey L. Larson, Judge.

Arthur Rutledge challenges the district court's finding that his application for postconviction relief based on a claim of actual innocence was time-barred. **AFFIRMED**.

Martha J. Lucey, State Appellate Defender, and Shellie L. Knipfer, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., and Mullins and Ahlers, JJ.

**AHLERS, Judge.**

In 2004, Arthur Rutledge was facing one hundred years in prison, with a seventy-year minimum, based on charges he sexually abused two young children. He accepted a plea offer. Pursuant to the plea agreement, Rutledge pled guilty to six counts of sexual abuse in the third degree. In doing so, he admitted performing sex acts by force or against the will of the children on three occasions per child. Sexual abuse in the third degree is a class "C" felony carrying a maximum term of incarceration of ten years.[1] On January 24, 2005, Rutledge was sentenced to ten years of imprisonment on each count. Consistent with the terms of the joint recommendation made as part of the plea agreement, the sentences were ordered to be served consecutively, for a total indeterminate term of incarceration not to exceed sixty years. Rutledge did not appeal his guilty plea or sentence. Instead, over twelve years after he was sentenced, he began filing various motions and postconviction-relief (PCR) applications. This appeal involves the summary dismissal of his most recent PCR application.

**I.     Procedural Background.**

This action is Rutledge's third PCR proceeding. It was filed on July 27, 2018, approximately ten months after the dismissal of his second PCR action as time-barred. In this action, Rutledge claims he was coerced into pleading guilty when he is, in fact, innocent and "DNA testing will prove as much."[2]

---

[1] Iowa Code §§ 709.4 (designating sexual abuse in the third degree as a class "C" felony), 902.9(4) (2003) (setting ten years as the maximum period of confinement for a class "C" felony).

[2] Due to the fact Rutledge does not address in his appellate brief any of the other arguments he made in his application, we deem them waived. *See* Iowa R. App. P. 6.903(2)(g)(3); *State v. Short*, 851 N.W.2d 474, 479 (Iowa 2014).

The State filed a motion for summary disposition under Iowa Code section 822.6 (2019). The motion asserted Rutledge's application was outside the three-year limitation period set by Iowa Code section 822.3. The motion also asserted Rutledge's request for DNA testing did not provide an exception to the limitations period because the DNA evidence existed at the time of the plea and could have been tested within the three-year PCR limitation period.

After a hearing on October 29, 2018, the district court issued an order indicating it believed the State's motion should be granted but giving Rutledge an additional thirty days to support his actual-innocence claim. A follow-up hearing was set for December 10.

On November 30, Rutledge filed a motion asking the district court to require DNA testing of samples seized during the original investigation in 2004 under Iowa Code section 81.10. He also filed a motion asking for a continuance of the December 10 hearing until completion of the requested DNA testing. The State resisted both motions.

The district court issued a ruling on April 11, 2019. The district court noted Rutledge provided no explanation why he could not have raised his coercion claim or had the DNA tested within the three-year limitation period of section 822.3. The district court also noted that, although section 81.10 does not contain a time limit in asking for DNA testing, the section does not supersede the three-year limitation period of section 822.3. The district court found it unnecessary to further address Rutledge's request for DNA testing as it also found Rutledge's PCR claim to be time barred. The district court granted the State's motion for summary disposition. Rutledge appealed.

**II.    Issue Presented.**

Rutledge raises one issue on appeal.  He asserts the untested DNA samples are grounds of fact not available to him earlier and testing the DNA samples would show he is actually innocent.  Therefore, he claims, his PCR application is not barred by the three-year limitation period of section 822.3.

**III.    Standard of Review.**

The parties agree on the standard of review.  Summary dismissal of a PCR application is reviewed for errors at law.  *Dewberry v. State*, 941 N.W.2d 1, 4 (Iowa 2019).  "[F]or a summary disposition to be proper, the State must be able to prevail as if it were filing a motion for summary judgment in a civil proceeding."  *Id.* (quoting *Schmidt v. State*, 909 N.W.2d 778, 784 (Iowa 2018)).  Applying principles of summary judgment, "summary disposition is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'"  *Id.* (quoting Iowa R. Civ. P. 1.981(3)).

**IV.    Discussion.**

Rutledge is not precluded from challenging his convictions just because he pled guilty to the charges.  Under the currently-controlling interpretation of the Iowa Constitution, specifically article I, section 9 (ensuring due process) and article I, section 17 (prohibiting cruel and unusual punishment), freestanding claims of actual innocence are permitted.  *Schmidt*, 909 N.W.2d at 794–95.  However, claims of actual innocence are limited.  *Dewberry*, 941 N.W.2d at 5.  To prevail on his claim of actual innocence, Rutledge is required to first meet the procedural

requirements of Iowa Code chapter 822. *See id.* For example, Rutledge must comply with the three-year statute of limitations under section 822.3 or prove a statutory exception thereto. *Id.*

Rutledge cannot show compliance with the statute of limitations or prove a statutory exception. The DNA samples Rutledge seeks to have tested were collected and available for testing before Rutledge pled guilty. In fact, in exhibit D attached to Rutledge's affidavit submitted as part of his resistance to the State's motion for summary disposition, the Iowa Department of Criminal Investigation Criminalistics Laboratory submitted a report suggesting the DNA was not tested *because* Rutledge pled guilty.[3] Rutledge provided no evidence that would suggest he was prevented from having the DNA tested prior to his guilty plea or, at the very least, within the three-year period after his convictions. Therefore, his PCR application is time-barred.

In *Cannon v. State*, a case raising similar issues to this one, this court stated:

> In order to avoid the time bar in section 822.3, Cannon must assert "a ground of fact or law that could not have been raised within the applicable time period." Iowa Code § 822.3. The question here is not whether the results of the DNA testing of evidence existed in that time period; the question is whether the evidence could have been tested within that time period. To the extent that the evidence in question exists, it existed at the time of Cannon's trial. It is clear that Cannon could have raised the issue of DNA testing within the time limit set forth in section 822.3. His claim is untimely, and therefore the district court properly granted the State's motion for summary disposition.
>
> After initiating the current PCR action, Cannon filed a motion requesting DNA testing under Iowa Code section 81.10. Because

---

[3] The laboratory's report states: "This case has been adjudicated per telephone conversation with . . . the Pottawattamie County Attorney's Office. The evidence was not examined for DNA analysis."

> section 81.10 does not contain a time limitation on requests for DNA testing, Cannon argues his application is not untimely. His position is untenable. Section 81.10 does not supersede section 822.3. The absence of a time bar in section 81.10 does not lift the time limit for filing a PCR action that raises claims concerning DNA testing of evidence. It does not convert an untimely PCR action into a timely one.

*Cannon*, No. 17-0888, 2018 WL 2727723, at *1–2 (Iowa Ct. App. June 6, 2018) (citation omitted). We reach the same conclusion here. Rutledge could have raised this issue and the DNA could have been tested within the three-year time period. His failure to do so bars his claim.

**AFFIRMED.**